UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA ELECTRICAL WORKERS ) <br> PENSION BENEFIT FUND, ) <br> JAMES TSAREFF, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> TIERNAN & HOOVER, INC., ) <br> MANWEB SERVICES Formerly d/b/a ) <br> Enterprise Electric & Mechanical and d/b/a ) <br> Freije Engineering Solutions, ) <br> ENTERPRISE ELECTRICAL & ) <br> MECHANICAL CO., ) <br>  ) <br> Defendants. ) | No. 1:10-cv-00980-SEB-DKL |

**ORDER ON DEFENDANT ENTERPRISE ELECTRICAL & MECHANICAL COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

(Docket No. 59)

This cause is before the Court on Defendant Enterprise Electrical & Mechanical Co.'s ("Enterprise") Motion to Dismiss, or in the Alternative, Motion for More Definite Statement [Docket No. 59], filed on February 13, 2012.  Plaintiffs, Indiana Electrical Workers Pension Benefit Fund and James Tsareff (collectively, "the Fund"), a multiemployer pension plan and its trustee, bring this claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., against Defendant Tiernan & Hoover, Inc., d/b/a the Freije Company ("Tiernan & Hoover"), seeking to collect damages resulting from Tiernan & Hoover's withdrawal from the Fund in the 2009-2010 Plan Year.  Plaintiffs also seek to hold Defendants Manweb Services ("Manweb") and Enterprise jointly and severally liable for the unpaid withdrawal liability, pursuant to the successor liability doctrine.  Defendant Enterprise asserts

1

that Plaintiffs' Second Amended Complaint fails to state a plausible claim for relief against it because the complaint does not contain allegations that specifically connect Enterprise to the alleged wrongful conduct. For the reasons detailed below, we GRANT Enterprise's Motion and dismiss without prejudice the claims against Enterprise.

## Legal Analysis

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Id.* (citing 550 U.S. at 555). "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable

to the non-movant. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003); *Szumny v. American Gen. Fin.*, 246 F.3d 1065, 1067 (7th Cir. 2001).

## II. Discussion

In their Second Amended Complaint, Plaintiffs allege that Manweb formerly did business as Enterprise, but currently operates as Freije Engineered Solutions, maintaining its principal place of business at 11800 Exit Five Parkway, Suite 106, Fishers, Indiana, 46307. The complaint further alleges that Enterprise maintains its principal place of business at 9211 Castlegate Drive, Indianapolis, Indiana, 46256. Without further factual development, Plaintiffs then state that they will refer to both Manweb and Enterprise collectively in the complaint as "New Freije." There are no other allegations in the complaint which make separate reference to Enterprise. Plaintiffs go on to allege that Defendant Tiernan & Hoover was a party to a collective bargaining agreement which required it to make contributions on behalf of its employees to the Fund and that Tiernan & Hoover subsequently sold substantially all of its assets "to Manweb Services, Inc. d/b/a Enterprise Electrical & Mechanical Co." in a transaction that did not comply with its obligations under ERISA, and withdrew from the Fund. Based on that sale of assets, Plaintiffs claim that "New Freije" is Tiernan & Hoover's successor in interest, and thus is jointly and severally liable for the withdrawal.

It is undisputed that Manweb and Enterprise are separate entities. In its motion to dismiss, Enterprise argues that Plaintiffs have failed to state a claim against it because "they have simply collapsed two distinct entities [Manweb and Enterprise] and have failed to allege any independent facts against Enterprise for their alleged successor liability theory." Def.'s Reply at 2. Plaintiffs base their claim for liability against Enterprise on their allegation that Manweb formerly conducted business as Enterprise and that, while doing business as Enterprise, Manweb

3

purchased substantially all of Tiernan & Hoover's assets, which Plaintiffs allege makes both Manweb and Enterprise successors-in-interest of Tiernan & Hoover. Enterprise argues that this connection, to wit, that Manweb allegedly formerly did business under the name "Enterprise Electrical & Mechanical," by itself, is insufficient to support a cognizable claim against Enterprise.

We agree. It is well established that a complaint may be dismissed on Rule 12 grounds if it asserts legal conclusions without making adequate factual allegations to support those conclusions. *See, e.g.*, *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009). In the instant case, Plaintiffs' claim against Enterprise rests on the legal relationship between Enterprise and Manweb. It is undisputed that the only allegation linking Enterprise to the acts and omissions complained of in the Second Amended Complaint is the unsupported statement that defendant Manweb was doing business as Enterprise at the time it purchased the assets of Tiernan & Hoover. This bald assertion is insufficient even under the liberal notice pleading standard. As recognized by the Northern District of Indiana in *Lachmund v. ADM Investor Servs., Inc.*, 26 F. Supp. 2d 1107 (N.D. Ind. 1998), the allegation that one company was doing business as another company "is a legal conclusion, of course," and warned that the plaintiff could not "simply collapse [one company] into the [other] without alleging at least 'a few facts which outline [his] claim.'" *Id.* at 1113 (quoting *Ghouth v. Conticommodity Serv., Inc.*, 642 F. Supp. 1325, 1328-29 (N.D. Ill. 1986)); *accord Unity House, Inc. v. First Commercial Fin. Group*, No. 96 C 1716, 1997 WL 282725, at *2-*3 (N.D. Ill. May 19, 1997) (dismissing a defendant from the case because there was "no allegation (except the unsupported statement that [the defendant] was doing business as A & A) that actually links [the defendant] to A & A or to the actions or omissions alleged in the complaint").

Here, because Enterprise's potential liability hinges upon its legal relationship to Manweb, we find that Plaintiffs must allege at least a few facts to support their assertion that Manweb was doing business as Enterprise at the time it purchased the assets of Tiernan & Hoover. Plaintiffs' Second Amended Complaint fails to allege any facts to support that legal conclusion. Accordingly, Enterprise is dismissed from the suit without prejudice.[1]

### III.   Conclusion

For the reasons detailed above, Plaintiffs' Second Amended Complaint is hereby <u>DISMISSED WITHOUT PREJUDICE</u> as to Defendant Enterprise. If Plaintiffs wish to proceed further with their claims against Defendant Enterprise, they are instructed to file a third amended complaint by Monday, October 29, 2012, addressing the pleading deficiencies described herein.

IT IS SO ORDERED.

Date:   09/27/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Because, for the reasons detailed in this entry, we are granting Enterprise's motion to dismiss, we need not address its alternative request that Plaintiffs be ordered to file a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).

Copies to:

Michael A. Ledbetter
LEDBETTER PARISI SOLLARS LLC
ledbetter@fringebenefitlaw.com

Rachel R. Parisi
LEDBETTER PARISI SOLLARS LLC
rparisi@fringebenefitlaw.com

Rena G. Sauer
LEDBETTER PARISI SOLLARS LLC
rsauer@fringebenefitlaw.com

James W. Clark
FLEMING STAGE LLC
james.clark@flemingstage.com

James H. Hanson
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
jhanson@scopelitis.com

James Thomas Spolyar
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
jspolyar@scopelitis.com

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Scott Alan Kreider
ALERDING CASTOR HEWITT LLP
skreider@alerdingcastor.com